12-3206-cv
Eastman Kodak Co. v. Asia Optical Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 1st day of May, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             CHRISTOPHER F. DRONEY,
                          *Circuit Judges*.

_____

EASTMAN KODAK COMPANY,

                    *Plaintiff-Counter-Defendant-Appellee*,

            -v-                                    12-3206-cv

ASIA OPTICAL COMPANY, INC.,

                    *Defendant-Counter-Claimant-Appellant*.[1]

_____

Appearing for Appellant:     William T. Bisset, Hughes, Hubbard & Reed LLP, Los Angeles, CA

Appearing for Appellee:      Robert J. Gunther Jr., Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY (Michael J. Summersgill, Jordan L. Hirsch, Jonathan W. Woodard, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, *on the brief*)

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

_____

[1]The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Asia Optical Co. appeals from the July 18, 2012 judgment of the United States District Court for the Southern District of New York (Cote, *J.*) awarding Eastman Kodak Co. $33,726,531. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Asia Optical's principal argument on appeal is that the patent licensing agreement ("PLA") and accompanying side letter are ambiguous because they can be read to have more than one meaning by a person aware of industry customs, practices and terms. Under New York law, which governs here, a contract is ambiguous if the terms "could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Int'l Multifoods Corp. v. Commercial Union Ins. Co.*, 309 F.3d 76, 83 (2d Cir. 2002)(internal quotation omitted). We agree with the district court that the agreement is not ambiguous, and that paragraph 5 of the side letter explained that Asia Optical did not have to pay royalties if (1) it sold to a Kodak licensee who chooses to pay royalty itself; or (2) if Asia Optical performs only contract assembly for a Kodak licensee. To accept Asia Optical's reading would require finding that Kodak entered into a licensing agreement with Asia Optical that would allow Asia Optical to manufacture cameras for third parties who did not have licensing agreements with Kodak without either party paying Kodak for the use of its patents – a finding at odds with the record.

We have examined the remainder of Asia Optical's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2